IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS WASHINGTON,

        Plaintiff,                     03cv0178

   v.                          **Electronically filed**

MR. STICKMAN, Supt., SCI-Greene,
MR. STOWITZKY, Deputy Supt.,
MAJOR CASNER, CAPTAIN COLEMAN,
MR. BURNS, Security Lieutenant,
MR. MATTHEWS, Hearing Examiner,
MR. ANSELL, Hearing Examiner, DOE #1
and MR. BRUNO, Activities Manager,

        Defendants.

**ORDER OF COURT DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION OF COURT'S ORDER
(DOC. NO. 135), DENYING PLAINTIFF'S MOTION TO SET ASIDE
SETTLEMENT AGREEMENT (DOC. NO. 130), ORDERING MEDICAL
EVALUATION, AND SCHEDULING STATUS CONFERENCE**

    **AND NOW**, this 16th day of September, 2009, after careful consideration of the mandate

issued by the United States Court of Appeals for the Third Circuit (Doc. No. 122) on May 15,

2009, plaintiff's Motion for Reconsideration (Doc. No. 135) of this Court's Order of July 22,

2009 (Doc. No. 132) holding that plaintiff is entitled to reopen only his "equity action"[1] pursuant

to the terms of the settlement agreement, and not the monetary settlement portion of the

agreement, plaintiff's Motion to Set Aside Settlement Agreement Due To Its Invalidity and

---

    [1] The "equity action" being that defendants, or some of them, denied him necessary
medical treatment for a "serious medical condition" in failing to provide the needed surgical
treatment of those injuries that resulted from an attack on him by another prisoner, seeking relief
in the form of surgical and medical treatment.  The "primary failure to protect" claims and the
"equity" denial of critical medical care claims were plainly bifurcated for purposes of the
settlement agreement into two separate claims.

Breach of Contract (Doc. No. 133),  and the defendants' responses thereto (Doc. Nos. 134, 136),

it is HEREBY ORDERED as follows:


1.      The Court finds that the settlement agreement is a valid and enforceable

agreement,[2] despite plaintiff's assertions that said agreement was never enforceable because of

mutual misunderstanding and because defendants' alleged subsequent breach of conduct

somehow vitiates the agreement.[3]  Accordingly, plaintiff's Motion to Set Aside Settlement

Agreement Due To Its Invalidity and Breach of Contract (Doc. No. 133) is DENIED.


2.      The Court GRANTS plaintiff's Motion for Reconsideration (Doc. No. 135) to the

extent it requests this Court to reconsider its ruling because a recent change of address deprived

plaintiff of the opportunity to file his position with regard to the settlement agreement.  However,

after such reconsideration of the matter, the Court DENIES the ultimate relief requested therein,

namely, setting aside the settlement agreement.


IT IS FURTHER ORDERED that on or before November 13, 2009, defendants shall

make arrangements for and obtain an updated medical evaluation of plaintiff by an appropriate

medical specialist regarding his request for and the necessity of any additional treatment,

including surgery, as discussed on the record at the status conference this day.  The Court

---

[2] The Court of Appeals left "this question for the District Court to determine in the first instance."  (Doc. No. 122-1) at 4.

[3] The Court notes and appreciates that defendants have agreed to reconsider refilling plaintiff's prescription for Nasonex spray.

encourages defendants to select a specialist who would perform the surgery if that is the

recommendation.


IT IS FURTHER ORDERED that a Status Conference is scheduled for December 1,

2009, at 8:45 a.m., by telephone.  Counsel for Defendants shall coordinate and initiate the call to

Chris Washington and contact the Court at (412) 208-7423 once all parties are on the line.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: all ECF registered counsel and plaintiff